# W. A. CAMPBELL

v.

# ROBERT M. KARR ET AL.

*Trespass—Highway—Review of Evidence — Instructions—Excessive Number.*

In an action of trespass, the defense being that the *locus in quo* was a highway, it is *held:* That the verdict for the defendants is contrary to the evidence; and that the instructions were too numerous.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Ford County; the Hon. A. SAMPLE, Judge, presiding.

Messrs. TIPTON & MOFFETT, for appellant.

Messrs. COOK & MOFFETT, for appellees.

CONGER, P. J. This is an action of trespass, brought by appellant against appellees for breaking and entering his close. The defense is that the *locus in quo* was a highway. It appears from the evidence that from 1859 to the spring of 1874 there was some travel along the western line of appellant's land.

In the spring of 1874 a hedge was planted upon the land of appellant near the western edge thereof, and west of this some three or four rods there was another hedge, called by the witnesses the Mehary Hedge, and since 1874 the evidence is overwhelming the travel was between these two hedges, and appellant's land lying east of his hedge had never been used as a road from 1874 down to the time of the alleged trespass. In September, 1885, defendants proceeded to plow up the ground east of the hedge, and made a grade for the road with appellant's hedge near the middle of such grade, cutting down some three or four rows of appellant's corn, and extending the grade

and road some two rods east of appellant's hedge, and taking that much of appellant's land and throwing it into the highway.

We shall not discuss the question argued so elaborately, as to whether a road existed between the two hedges or not. There is shown no justification whatever from the evidence for entering the field of appellant east of his hedge. The testimony of the defendants themselves show this. Defendant Snyder says there was no travel east of this hedge since 1805, that he knew of.

Robert M. Karr says: "I do not claim there was a road in his (appellant's) field there. We claimed the right to go there under the survey and proceedings had in 1877. He never told me that we might go into his field on east side of hedge. When he was talking about giving, he was talking of the land on the west side of the hedge."

The proceedings of 1877, referred to by this witness, were certain unsuccessful attempts to lay out a highway at the place in question, which were only admitted in evidence by the court for the purpose of showing the lines established and to be followed by proof that appellant had made a dedication of a road based upon these proceedings.

The verdict of the jury was so manifestly wrong and contrary to the evidence, in holding the defendants guiltless of wrong in trespassing upon appellant's field east of his hedge, that we can explain it only on the theory that they were so loaded down with instructions as to be unable to form any proper conception of the law applicable to the case. Forty-seven instructions, covering eighteen pages of the record, were given the jury.

Such a method of instructing juries has frequently been condemned by the Supreme Court, and can not give the jury clear views of the legal propositions involved in the controversy, but necessarily must mystify and mislead them, as was doubtless the case in the present instance.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*